DANIEL J. O'MARA, as Executor of JOHN H. O'BRIEN, Deceased, Appellant, *v.* JEROME G. DENTINGER, Respondent.

County Court, Monroe County, August 27, 1945.

*Alan M. Hill* for appellant.

*Epi J. Milazzo* for respondent.

ROSENBERG, J. This is an appeal from a judgment of the City Court of the City of Rochester dismissing the complaint of the plaintiff herein. The judgment was rendered in an action brought by the plaintiff to replevin a certain 1942 automobile which was then and still is in the possession of the defendant.

The matter was submitted to the City Court upon written stipulation of the facts which are in substance as follows:

That on December 28, 1944, John H. O'Brien was the owner and in possession of a 1942 Mercury Sedan, model 20-A, motor No. 499565.

That on that date the said O'Brien transferred the possession of said automobile to the defendant herein and signed and delivered to the defendant a statement of transfer on the back of the registration certificate for said automobile. No con-

sideration was asked or received for this transfer by John H. O'Brien.

That at the time the said transfer was made O'Brien was a patient at St. Mary's Hospital and that he made the said transfer in contemplation of death and it was his intention to transfer said chattel as a gift *causa mortis*.

That at the time of said transfer, the defendant was not and never has been the holder of a purchaser's certificate, Form R 214 as required by Office of Price Administration, Order RO No. 2B, which order governs the transfer and use of all 1942 cars and the defendant was not eligible to receive such a certificate (8 Fed. Reg. 2483, as amd.).

That the said John H. O'Brien died on January 5, 1945, and that the plaintiff herein was duly appointed executor of his estate.

That the said automobile is valued at $1,145.

The trial court in its opinion determined that the ration order was a valid exercise of the power conferred by Congress and it further held that a transfer in violation of the requirements of the ration order is a nullity. The trial court held, however, that under section 1.6█ which deals with those entitled to a clearance statement in certain prescribed cases, this defendant was entitled to a transfer of the said automobile and became legally entitled to its possession, because of the wording of that portion of section 1.6, namely, paragraph (4) of subdivision (a) (8 Fed. Reg. 2485), he being a person who acquired a 1942 automobile by will or inheritance. The ration orders state clearly that a 1942 automobile may not be sold and may not be transferred by gift. (See § 4.10 for definitions under rationing order; 8 Fed. Reg. 2487.)

It is always difficult for a court to refuse to accede to a request of a dying person and to refuse to carry out the evident intent of such a person and every natural moral law and the equities of the case are such as to enlist the sympathies of the court and to appeal to the court to place such an interpretation upon the law as will permit the carrying into effect of the expressed desires of the deceased; however, in the case before us, it is necessary, in order to reach such a decision, to overcome the plain meaning of two sections of the ration order, the first of

which defines a gift as such a transfer as is prohibited.█ In this connection no differentiation is made in the definition as between gifts *inter vivos* or *causa mortis* and further, it is provided in express terms that a transfer will be permitted when the transferee comes into possession of the automobile either by will or inheritance.█ While a gift *causa mortis* may have certain testamentary elements, it is nevertheless a gift and is not a transfer by will or inheritance within the meaning of any definition that may be found of the meaning of these terms. It was clearly not the intention of the Congress to prevent any person from transferring to another by will any of his chattels or possessions and while in this particular instance it is clear that no evasion of the law was intended and that all the parties acted in the best of faith, still, the rule of law as established by Congress and by the ration order, is such and the language is so explicit that it leaves no room for the exercise of sympathy on the part of a kindly and well-meaning judge but rather it requires that a judge, even though reluctantly, must make his findings in accordance with the express language of the law.

It is the opinion of this court that the transfer of this automobile was by gift which was prohibited under the law and that despite its testamentary elements it was not a transfer by will or by inheritance and that, therefore, the executor is entitled to the possession of the automobile.

The judgment of the City Court dismissing the complaint is reversed and the possession of the automobile is awarded to the plaintiff as executor and in case a delivery thereof cannot be had that the plaintiff recover of the defendant the sum of $1,145 fixed as the value of the said chattel, besides the cost of this appeal.